2024 IL App (2d) 230606-U
No. 2-23-0606
Order filed March 13, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2756 |
| EREK M. DREW, | ) ) ) | Honorable Donald Tegeler Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court's finding that defendant's pretrial release posed a real and present threat to the safety of the community was not based on the specific articulable facts of the case where the trial court improperly relied on the general nature of the charged offense. We vacate and remand for the trial court to make a specific statutory finding based on the evidence presented.

¶ 2   Defendant, Erek M. Drew, appeals from the denial of his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). For the following reasons, we vacate the order denying defendant pretrial release and remand for the trial

court to make a specific finding on the record whether defendant posed a real and present threat to the safety of any person, persons, or the community.

¶ 3                                    I. BACKGROUND

¶ 4      On December 20, 2023, defendant was charged by complaint with four counts: (1) intent to deliver 15 grams or more but less than 100 grams of cocaine (720 ILCS 570/401(a)(2)(A) (West 2022) (Class X felony)), (2) possession with intent to deliver 1 gram or more but less than 15 grams of cocaine (*id.* § 401(c)(2) (Class 1 felony)), (3) possession of 15 grams or more but less than 100 grams of cocaine (*id.* § 402(a)(2)(A) (Class 1 felony)), and (4) possession of less than 15 grams of cocaine (*id.* § 402(c) (Class 4 felony)).

¶ 5      That same day, the State filed its verified petition to detain defendant based on count 1, the alleged Class X felony. The petition provided that defendant was currently on pretrial release in four other cases: a 2022 Kane County case for possession with intent to deliver (Class X felony), a 2023 Kane County case for domestic battery (Class 4 felony), a 2023 Kane County case for unlawful possession of a controlled substance (Class 4 felony), and a 2023 De Kalb County case for domestic battery, criminal damage to property, and theft (respectively, a Class 4 felony, Class A misdemeanor, and Class A misdemeanor). The petition also provided that defendant had several prior convictions, including two domestic batteries (Class A misdemeanor convictions from 2020 Kane County cases), criminal damage to property (Class A misdemeanor from a 2019 Kane County case), and two retail thefts (Class A misdemeanors from 2014 and 2013 Kendall County cases).[1]

---

[1]The record does not reflect whether the State has filed a petition to revoke pretrial release in any of these cases. The record also does not reflect the nature of the domestic batteries.

¶ 6    The State attached the synopsis from the Aurora Police Department, which provided as follows. While on a routine patrol, officers observed defendant asleep in the driver's seat of a parked vehicle. Officers approached the vehicle and smelled fresh cannabis emanating from it. Officers woke defendant and spoke with him. Defendant denied having cannabis and then stepped out of the vehicle. Officers searched defendant's person and recovered an off-white substance in a clear plastic bag that was twisted and tied in a knot at the top, which officers identified as cocaine. Officers arrested defendant. After the arrest, officers further searched defendant's person and found a scale with residue on it in his left jacket pocket and $826 in cash in his left pants pocket. Officers also searched the vehicle and recovered more clear-plastic bags, appearing to match the bag with the wrapped substance. A field test on the substance was positive for cocaine, and the substance weighed approximately 17.1 grams.

¶ 7    Defendant's pretrial detention hearing occurred on December 20, 2023. The State recited defendant's criminal history, including his pending cases, on which he was on pretrial release. The State argued that, since defendant posted bond in his 2022 Kane County case for possession with intent to deliver, he had been arrested and charged with domestic batteries and possession of a controlled substance.

¶ 8    The State continued that "[t]he real and present threat comes in this case from the fact that this was a drug charge, a Class X drug offense, where the threat comes to the community." The State argued that when somebody is selling drugs, the threat comes from what the distribution of drugs does to society and from the commonly known fact that "there is typically a lot of violence that goes with the selling of narcotics." The State conceded that there was no violence in this case.

¶ 9    The trial court denied defendant's pretrial release. First, it found that the State proved by clear and convincing evidence that defendant committed a detainable offense.

¶ 10    Next, the trial court found that defendant posed a real and present threat to persons in the community. The court stated that it reached its finding by "looking at the totality of the circumstances," including "the way the alleged evidence was packaged" and that "it was going to be delivered" based on defendant's history of doing so even when on pretrial release.

¶ 11    Last, as to conditions, the court found that defendant had continued to commit offenses on pretrial release, and therefore it did not believe any conditions would allow for his release.

¶ 12    The trial court's written order failed to explain its required findings, instead listing its reasons as "stated on the record." Defendant timely appealed.

¶ 13                                    II. ANALYSIS

¶ 14    In defendant's notice of appeal, he raised four grounds for relief: (1) the State failed to prove that he committed the offenses charged; (2) the State failed to prove that defendant posed a real and present threat to the safety of others or the community; (3) the State failed to prove that no conditions could mitigate defendant's real and present threat to others or the community; and (4) the trial court erred in its determination that no set of conditions would reasonably ensure defendant's appearance at later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. We note that the fourth ground is relevant to a decision to revoke a defendant's pretrial release pursuant to section 110-6(a) of the Code, not to a decision to detain pursuant to section 110-6.1 of the Code as occurred in this case. Therefore, the fourth ground is not a proper or viable ground for appeal in this case. See 725 ILCS 5/110-6(a) (West 2022) ("The State shall bear the burden of proving *** that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor.").

¶ 15    Through the Office of the State Appellate Defender, defendant filed a memorandum in support of his appeal, elaborating on one ground for relief: that the trial court erred in finding that defendant posed a clear and present threat to the safety of the community because it merely generalized the risk of societal harm from drug crimes. Defendant argues that basing dangerousness on a generalized risk of harm departs from the plain text of section 110-6.1 of the Code by treating drug offenses as *per se* dangerous and by failing to base the dangerousness determination on the specific articulable facts of his case. As explained herein, we agree with defendant's argument.

¶ 16    Pretrial release is governed by article 110 of the Code. 725 ILCS 5/110-1 *et seq.* (West 2022). To deny a defendant pretrial release, the trial court must find that the State proved the following by clear and convincing evidence: (1) the proof was evident or the presumption great that defendant committed a detainable offense (*id.* § 110-6.1(e)(1)); (2) defendant's pretrial release posed a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)); and (3) no condition or combination of conditions could mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)). We review whether the trial court's findings were against the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10. A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. We review the trial court's ultimate decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 17    Here, the trial court's finding that defendant's pretrial release posed a threat to the community was not supported by the specific articulable facts of his case. See 725 ILCS 5/110-

6.1(a)(1), (e)(2), (g) (West 2022) (the finding of dangerousness must be "based on the specific articulable facts of the case"). In denying defendant pretrial release, the trial court briefly referenced only (1) the charges filed, (2) the way the cocaine was packaged as indicating intent to deliver, and (3) defendant's behavior, generally, on pretrial release. While these facts tend to show that defendant committed the offense of intent to deliver cocaine, they do not show why defendant posed a danger to the community based on any specific articulable fact of the case. Factors for dangerousness are found under section 110-6.1(g) and include considerations such as whether the offense is a crime of violence or involved a weapon (*id.* § 110-6.1(g)(1)), whether the defendant's criminal history is indicative of violent or abusive behavior (*id.* § 110-6.1(g)(2)), and whether, at the time of the current offense, the defendant was on release from custody pending trial (*id.* § 110-6.1(g)(8)). This case did not involve violence or a weapon—officers found defendant sleeping in his car, woke him, searched him, and arrested him without incident. Although defendant has a criminal history, including convictions of domestic batteries, and was on pretrial release in four cases at the time of his detention hearing, the trial court did not mention any of defendant's prior convictions in its detention decision and referenced only generally "what [defendant] has allegedly done while released on bond."

¶ 18    In effect, the trial court substituted a finding that the proof was evident or the presumption great that defendant committed the alleged offense for a finding that defendant posed a real and present threat to the safety of the community. Such a conflation runs contrary to the plain text of the Code. See *People v. Norris*, 2024 IL App (2d) 230338-U, ¶ 37 ("[I]f the generalized risk of societal harm from drug crimes, alone, was sufficient to establish that any defendant charged with them automatically presents a danger to the community, then the legislature would have made those crimes ineligible for release."). In *Norris*, the defendant was indicted of several drug

offenses, including unlawful possession with intent to deliver approximately 18 grams of cocaine, which was recovered from four plastic baggies. *Id.* ¶ 2, 7-8. The defendant also had an "extensive criminal history," which included domestic battery. *Id.* ¶¶ 15, 35. In reversing the denial of defendant's pretrial release, we reasoned that there was no evidence beyond the charges themselves to suggest a threat to the community and no findings describing past offenses reflecting a real and present threat to a person or the community. *Id.* ¶ 41.

¶ 19　The plain language of section 110-6.1(e) demands more from the trial court than a general conclusion that the alleged drug offense is inherently dangerous to the community; the Code requires a finding that defendant's pretrial release posed a real and present threat to the safety of the community based on the specific articulable facts of the case, such as by showing a real threat of violence or abuse to members of the community upon release. The Code further requires that detention decisions "must be individualized, and no single factor or standard may be used exclusively to order detention." 725 ILCS 5/110-6.1(f)(7) (West 2022). As in *Norris*, the trial court did not make or articulate its findings here, either in its detention order or on the record.

¶ 20　In sum, the trial court's finding of dangerousness was unreasonable because it was not based on the specific articulable facts of this case, and therefore its decision to detain defendant was an abuse of discretion. Accordingly, we vacate the trial court's order and remand for a specific finding regarding defendant's dangerousness.

¶ 21　We note that, while we vacate the denial of defendant's pretrial release in this case, defendant is currently on pretrial release in several other cases, and a revocation of pretrial release does not require a finding of dangerousness. See 725 ILCS 5/110-6(a) (West 2022) (to revoke pretrial release, the State must show that no condition or combination of conditions of release

would reasonably ensure the defendant's appearance at later hearings *or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor*).[2]

¶ 22                                    III. CONCLUSION

¶ 23    For these aforementioned reasons, we vacate the order of the Kane County circuit court denying defendant pretrial release and remand for a specific statutory finding whether defendant posed a real and present threat to the safety any person, persons, or the community.

¶ 24    Order vacated; cause remanded.

---

[2]Absent from the section 110-6.1(g) dangerousness factors is a consideration of whether the defendant, if released, is likely to be charged with an additional criminal offense. This is in contrast to a petition to revoke pretrial release, which may be based on a finding that no condition or combination of conditions would reasonably prevent the defendant from being charged with a subsequent felony or misdemeanor. *Id.* § 110-6(a).