2024 IL App (4th) 240190

NO. 4-24-0190

FILED
April 25, 2024
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Morgan County |
| JOSHUA K. WOODS, | ) | No. 23CF113 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher E. Reif, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court, with opinion.
Justices Doherty and Lannerd concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Joshua K. Woods, appeals the trial court's order denying him pretrial

release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS

5/110-6.1 (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1,

2023) and Public Act 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial

Fairness Act. We affirm.

¶ 2                                I. BACKGROUND

¶ 3        On July 14, 2023, the State charged defendant with the Class X offense of

unlawful possession of controlled substance with the intent to deliver (720 ILCS

570/401(a)(2)(A) (West 2022)). According to the charges, defendant, on July 11, 2023,

possessed 15 grams or more of a substance containing cocaine.

¶ 4    On January 2, 2024, defendant filed a motion "to elect conditions of pretrial release." In his motion, defendant asserted he had been in custody since September 18, 2023, pursuant to charges in this case (case No. 2023-CF-113) and in Morgan County case No. 23-CF-133. Defendant summarized, in this case, the bond was set at $250,000, 10% to apply. Defendant argued, under the Pretrial Fairness Act, he was entitled to a hearing on the issue of his continued detention.

¶ 5    On January 8, 2024, the State filed a verified petition to deny defendant pretrial release under section 110-6.1(a)(1) of the Code (725 ILCS 5/110-6.1(a)(1) (West 2022)). In addition to alleging defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, the State provided the following factual basis for its petition:

> "On July 12, 2023, Illinois State Police agents executed a search warrant at defendant's residence ***. The search warrant issued based upon evidence constituting probable cause including controlled buys from the defendant occurring at the location for the issued search warrant. Upon execution of the search warrant, in a bedroom believed to be utilized by defendant, agents located a metal lockbox. Inside the lock box[,] agents found approximately fifty-eight grams of suspected cocaine. Based on the agents' training and experience they believed the cocaine was packaged in a manner indicative of the cocaine being prepackaged for resale. In

the same room agents located several items indicated of the illegal distribution of controlled substance including[ ] plastic baggies, a vacuum sealer[,] and a digital scale with suspected cocaine residue. Additionally, in close proximity to the illegal items, agents located several documents belonging to defendant, including two IDs issued to defendant, a passport and a credit card, all bearing defendant's name.

At the time of the alleged [offense] in this case, defendant was admitted to bail in two other felony cases, [Morgan County case Nos. 22-CF-79 and 22-CF-109], which are currently pending. In addition, defendant is current[ly] charged in [Morgan County case No. 23-CF-133] with Unlawful Delivery of [a] Controlled Substance, [a] Class 2 felony[;] however, the commission of that offense is alleged to have occurred on June 27, 2023, prior to the commission of the offense which is the subject of this petition. Based on defendant's pretrial bond report[,] he also appears to have [a] currently pending [charge] for possession of a controlled substance in Sangamon County.

The pretrial bond report rates defendant as high risk. The pretrial bond reports lists two prior drug[-]related convictions including[ ] 2011 Manufacture or Delivery of a Controlled Substance (cocaine) for which defendant was sentenced to six

years in [the Department of Corrections (DOC)] (boot camp); and

2016 Manufacture or Delivery of Controlled Substance (heroin) for

which defendant was sentence[d] to ten years [in the] DOC.”

¶ 6       The trial court held a detention hearing on January 16, 2024. The State's proffer largely mirrored the facts set forth in its verified petition. Defense counsel argued the search warrant was executed on defendant's parents' house. At the time the warrant was executed, defendant's parents and his two brothers were also present; defendant was not. Defense counsel argued "[o]ur main position" is the State failed to meet its burden of proving by clear and convincing evidence there is no condition or combination of conditions that would mitigate any real and present threat to the safety of any person or persons in the community. Defense counsel further argued the alternative to pretrial detention is home detention with or without electronic monitoring.

¶ 7       In denying defendant pretrial release, the trial court specifically found the "factors 1, 2, 4, 5, and 8" of section "110-6.1" apply, noting it considered the nature and circumstances of the offense, the history and characteristics of defendant, the statements made or attributable to defendant, defendant's age and physical condition, and the fact defendant was on parole when he was charged with the offense. The court found the proof evident and presumption great defendant committed a qualifying offense. The court further found, due to the fact defendant was on parole and the acts were alleged to have occurred in his residence, there was no factor that could mitigate the threat of defendant dealing drugs out of his house.

¶ 8       Using a preprinted form, the trial court entered a written order finding the State proved the dangerousness standard by clear and convincing evidence. Under a sentence giving

- 4 -

the court the option to check the boxes for the reasons for concluding the defendant should be denied pretrial release, the court checked, among others, "Defendant's prior criminal history is indicative of violent, abusive or assaultive behavior."

¶ 9    This appeal followed.

¶ 10    II. ANALYSIS

¶ 11    On January 26, 2024, defendant filed a notice of appeal challenging the order denying him pretrial release under Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023). Defendant's notice of appeal is a completed form from the Article VI Forms Appendix to the Illinois Supreme Court rules (see Ill. S. Ct. Rs. Art. VI Forms Appendix R. 604(h) ), by which he asks this court to reverse the detention order. The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant checked three grounds for relief and provided additional support on the lines beneath the preprinted text of those grounds. Defendant also filed a supporting memorandum.

¶ 12    The first ground for relief checked by defendant in his notice of appeal is the State failed to prove by clear and convincing evidence the proof is evident or the presumption great he committed the offense charged. In support, defendant argued the following on the preprinted lines, in part: "The charge arises from the execution of a search warrant on the home of Defendant's parents on July 12, 2023. The defendant was not present in the home at the time the warrant was executed. Present in the home were the defendant's parents and two of his brothers. Any number of people had access to the bedroom in which the suspected cocaine was located." In his memorandum, defendant did not make additional argument regarding this ground.

¶ 13    Under the Code, all criminal defendants are presumed eligible for pretrial release.

- 5 -

725 ILCS 5/110-6.1(e) (West 2022). Before the State may overcome that presumption and secure pretrial detention of a criminal defendant under section 110-6.1(e), the State must prove multiple factors. One is to prove by clear and convincing evidence "the proof is evident or the presumption great that the defendant has committed" an offense described in section 110-6.1(a) (*id.* § 110-6.1(a), (e)(1)). Defendant does not assert possession of a controlled substance with intent to deliver is not an offense described in section 110-6.1(a)(1).

¶ 14 In this case, the trial court did not abuse its discretion in finding the proof evident and the presumption great defendant committed the charged offense. The State need not prove the offense beyond a reasonable doubt. The record supports the court's conclusion. Not only does the proffer show the police believed the bedroom in which the cocaine was found belonged to defendant, the proffer shows documents personal to defendant were found "in close proximity" to the lockbox in which the cocaine was found. These items include defendant's passport and credit card.

¶ 15 The next checked box on defendant's notice of appeal is the State did not prove by clear and convincing evidence defendant poses a real and present threat to the community. In support, defendant added the following to the preprinted form, in relevant part: "Defendant argues that his criminal history lacks any indication of violent, abusive, or assaultive behavior." Defendant added argument in his memorandum. Defendant maintains the State presented no clear and convincing proof defendant posed a "real and present" threat to the community and the trial court erroneously found him dangerous solely on the nature of the offense charged. According to defendant, the finding of dangerousness is exclusively and improperly based on the general notion drug offenses harm society and not on any particular fact defendant posed a threat

to the community. In support, defendant relies on two Second District appellate decisions, *People v. Drew*, 2024 IL App (2d) 230606-U, and *People v. Norris*, 2024 IL App (2d) 230338-U.

¶ 16 To deny defendant pretrial release under the dangerousness standard, as the State sought here, the State must also prove by clear and convincing evidence "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(a)(1), (e)(2) (West 2022). The Code gives the trial court broad discretion in choosing what factors to consider in making this determination. See *id.* § 110-6.1(g) (setting forth factors a trial court may consider when considering dangerousness). These factors include the nature and circumstances of the offense charged including whether the offense is a crime of violence (*id.* § 110-6.1(g)(1)); defendant's history and characteristics, including whether there is evidence of violent, abusive, or assaultive behavior (*id.* § 110-6.1(g)(2)(A)); and whether at the time of the current offense the defendant was on parole (*id.* § 110-6.1(g)(8)).

¶ 17 Defendant's cases, *Norris* and *Drew*, conclude the question of whether a real and present threat to the community exists may not be satisfied with reference to a "generalized risk of societal harm from drug crimes." *Norris*, 2024 IL App (2d) 230338-U, ¶ 37; see *Drew*, 2024 IL App (2d) 230606-U, ¶¶ 18-19. In *Norris*, the Second District considered the propriety of an order denying pretrial release to a defendant charged with drug offenses, including a Class X felony for the sale of cocaine. *Norris*, 2024 IL App (2d) 230338-U, ¶¶ 2, 4. The record, without specifying the offenses in the defendant's "extensive" criminal history, reveals the defendant's criminal history began in 1998 and the defendant had "periods of imprisonment," "positive drug tests," and two instances where probation was revoked due to the defendant's failure to comply

with drug-court probation. *Id.* ¶ 9. On appeal, the Second District found the State failed to prove by clear and convincing evidence the defendant was a real and present threat to the community. See *id.* ¶ 35. In so doing, the Second District rejected the State's contention the defendant's dealing of cocaine may lead to overdose and pose a threat "to all the persons in the families of individuals who suffer from addiction" and causes "havoc *** in the community." (Internal quotation marks omitted.) *Id.* ¶ 35. The court reasoned "the State does not articulate how the present charges reflect a specific threat to the community, such that less-restrictive conditions could not mitigate that harm" and "if the generalized risk of societal harm from drug crimes, alone, was sufficient to establish that any defendant charged with them automatically presents a danger to the community, then the legislature would have made those crimes ineligible for release." *Id.* ¶ 37. The Second District concluded the bare elements of the offense could not be a basis for finding defendant poses a real and present threat and the fact "the State's broad arguments that [the] defendant had engaged in drug crimes, which could result in an overdose and which, generally, wreak havoc on families, was akin to suggesting that no person charged with such a crime could ever be eligible for pretrial release." *Id.* ¶ 39.

¶ 18        In *Drew*, the Second District followed *Norris* and vacated the trial court's order detaining the defendant. *Drew*, 2024 IL App (2d) 230606-U, ¶¶ 1, 18-20. The *Drew* defendant was charged with multiple counts related to the intent to deliver cocaine, including a Class X felony involving more than 15 grams. See *id.* ¶ 4. At the time the defendant allegedly committed the charged offenses, he was on pretrial release in four other cases, including three involving controlled substances and one for domestic battery. *Id.* ¶ 5. Defendant also had other convictions, including two for domestic battery. *Id.* In addition to presenting this evidence, the State asserted

"the threat comes from what the distribution of drugs does to society." *Id.* ¶ 8. The trial court concluded defendant posed a real and present threat to the community and reached its findings by " 'looking at the totality of the circumstances,' including 'the way the alleged evidence was packaged' and that 'it was going to be delivered' based on [the] defendant's history of doing so even when on pretrial release." *Id.* ¶ 10. Following *Norris*, the *Drew* court found "[t]he plain language of section 110-6.1(e) demands more from the trial court than a general conclusion that the alleged drug offense is inherently dangerous to the community." *Id.* ¶ 19.

¶ 19    We are not convinced we should follow *Drew* and *Norris*. Neither decision gives any weight to their defendants' respective criminal histories in finding the trial courts erred in concluding the defendants posed a real and present threat to the community. *Drew*, 2024 IL App (2d) 230606-U, ¶¶ 5, 17; *Norris*, 2024 IL App (2d) 230337-U, ¶¶ 15, 35, 41 ("[N]othing beyond the charges themselves *** suggest a threat to the community."). Taken to its logical end, so long as a defendant does not have a violent or abusive history, although both defendants had domestic-battery convictions (see *Drew*, 2024 IL App (2d) 230606-U, ¶ 5; *Norris*, 2024 IL App (2d) 230337-U, ¶ 35), or are linked to a specific overdose (see generally *Drew*, 2024 IL App (2d) 230606-U; *Norris*, 2024 IL App (2d) 230337-U), one can sell Class X amounts of cocaine into the community over and over and not be deemed a threat to the community.

¶ 20    In addition, the *Drew* and *Norris* decisions, because they gave no weight to the defendants' criminal history, appear to hold a real and present threat to the community cannot be established through both "the generalized risk of societal harm from drug crimes" and a defendant's history of drug-dealing. To that apparent conclusion, we disagree. The societal harm from drug crimes is well-established in Illinois law, meaning the baseline question of whether

the sale of drugs is a threat to the community has been answered. For example, in section 100 of the Illinois Controlled Substances Act (720 ILCS 570/100 (West 2022)), the General Assembly recognized the use of drugs resulted in "damage to the peace, health, and welfare of the citizens of Illinois." In section 1-5 of the Substance Use Disorder Act (20 ILCS 301/1-5 (West 2022)), the General Assembly declared substance-abuse disorders, such as the use of stimulants like cocaine (see *id.* § 1-10; 720 ILCS 570/102(rr-5) (West 2022)), affect "public safety" and "cause serious social and economic losses, as well as great human suffering." The generalized risk is unquestionably established by law.

¶ 21    Whether that generalized risk is alone enough to prove a defendant presents a real and present threat to the safety of the community is not, however, a question we must answer. Unlike in the *Drew* and *Norris* decisions, we do give weight to the "nature and circumstances of the offense" (725 ILCS 5/110-6.1(g)(1) (West 2022)) and the defendant's criminal history (see *id.* § 110-6.1(g)(2)) to determine whether the trial court erred in finding that defendant poses a threat. In this case, we find the record supports the court's conclusion he does. The threshold for the offense for which defendant was charged was 15 grams of cocaine. The State asserted he sold over three times that amount. In addition, defendant's criminal history demonstrates, despite multiple convictions for selling drugs, defendant continued to do so, even when on parole for another charge. The State sufficiently proved defendant poses a real and present threat to the community's safety.

¶ 22    We note, the trial court, in checking a box on a preprinted order, found defendant's history and characteristics included violent, abusive, or assaultive behavior. As defendant argues, the record contradicts that conclusion. However, we find the error harmless

beyond a reasonable doubt. See generally *People v. Langston*, 2023 IL App (4th) 230162-U, ¶¶ 1, 27, 36 (applying harmless-error analysis to a trial court's consideration of evidence not admitted at trial). At the hearing, the State did not argue defendant's record contained violent behavior, and the court did not find as much. The State presented sufficient evidence to meet the clear-and-convincing-evidence standard without that alleged fact.

¶ 23　　　　The third ground defendant checked in his notice of appeal is the State did not prove by clear and convincing evidence no condition or combination of conditions can mitigate the real and present threat to the community's safety. Defendant wrote the following, in part, under the preprinted text: "There was no evidence presented by the State that the defendant was a real or present threat to the safety of any persons, persons or the community." Defendant did not develop the argument further in his memorandum.

¶ 24　　　　As we have already rejected the argument the State failed to prove defendant a real or present threat, the basis for defendant's claim and, therefore, this argument likewise fails.

¶ 25　　　　　　　　　　　III. CONCLUSION

¶ 26　　　　We affirm the trial court's judgment.

¶ 27　　　　Affirmed.

### *People v. Woods*, 2024 IL App (4th) 240190

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Morgan County, No. 23-CF-113; the Hon. Christopher E. Reif, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Bryon M. Reina, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |