NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250133-U

NO. 4-25-0133

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 12, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| DEANDRE L. AUSTIN, | ) | No. 24CF1001 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Adam Giganti, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Zenoff and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed the denial of defendant's pretrial release, finding the State had proven by clear and convincing evidence that (1) he posed a real and present threat to a person, persons, or the community and (2) no condition or combination of conditions could mitigate that threat.

¶ 2    Defendant, Deandre L. Austin, appeals the trial court's denial of his pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/art. 110 (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. He argues the State failed to prove (1) he posed a real and present threat to a person, persons, or the community and (2) the threat could not be mitigated by any conditions of release. For the following reasons, we affirm.

¶ 3                            I. BACKGROUND

¶ 4    On August 8, 2024, defendant was charged with three counts of manufacture or

delivery of a controlled substance (720 ILCS 570/401(a)(2)(A), (c)(2) (West 2022)). The first two counts were Class X felonies, while the third was a Class 1 felony.

¶ 5        The State filed a verified petition to deny defendant pretrial release. At the hearing on the motion, the State alleged that defendant sold varying amounts of cocaine to a confidential police informant on three separate dates. On July 29, 2024, he allegedly sold 22.29 grams to the informant; on August 1, 2024, he allegedly sold 21.6 grams to the informant; and on August 5, 2024, he allegedly sold 11.3 grams to the informant. After the third sale, a search warrant was obtained for defendant's residence, and two firearms were located at the property. The State informed the trial court that no charges were filed in connection with the discovery of the firearms, though it anticipated this would change after testing on the firearms was completed.

¶ 6        The State discussed defendant's criminal history, noting that he had three past cases involving possession of a controlled substance and two prior firearm-related felony convictions. The State emphasized the danger to the community posed by the manufacture and delivery of drugs and concluded that no available conditions of release would be sufficient to mitigate the threat defendant, having been charged with these crimes, posed.

¶ 7        Defendant urged the trial court to consider that despite the State anticipating he would receive additional charges related to the firearms found at his residence, at the time of the hearing, he had only been charged with three nonviolent drug offenses. He stated that he lived with his girlfriend and four children, including a three-month-old, and that both he and his girlfriend owned a hair salon. Additionally, his girlfriend held a firearm owners identification (FOID) card, and defendant asserted his belief that the testing on the firearms found at his residence would show they belonged to her. He also noted that his most recent offense was from 2016 and that he had been off mandatory supervised release since 2019, showing that for five years, he had not

encountered any legal issues.

¶ 8        The trial court found by clear and convincing evidence that (1) the proof was evident or the presumption great that defendant committed a detainable offense, (2) his pretrial release posed a real and present threat to the community based on the specific articulable facts of the case, and (3) no conditions would mitigate that threat. Accordingly, it denied him pretrial release. The court noted that its findings were based on the nature and circumstances of the offenses charged, defendant's prior criminal history, and defendant being known to possess or have access to weapons.

¶ 9        On October 7, 2024, defendant filed a motion to reconsider the denial of pretrial release. In his motion, he stated that he assisted with the care of his ill grandfather a few times a week and helped escort guests of the church his family owns to their cars following Wednesday evening services. He asked the trial court to order his release on conditions. The court denied defendant's motion, again citing his criminal history and the danger drugs and firearms pose to the community.

¶ 10       On January 22, 2025, defendant filed a second petition for pretrial release, alleging a change in circumstances in that he had not been charged with any weapons offenses stemming from the discovery of the firearms at his residence. At the hearing on his motion, defendant elaborated that, at his first detention hearing, "the State's attorney made a rather big deal about the fact that the guns were pending testing" and the trial court "made its findings based on weapons offenses." Because he had not been charged, the court was left only with his drug offense charges, which, defendant argued, were nonviolent offenses for which he could be released with conditions. In response, the State noted the FOID card owned by defendant's live-in girlfriend was, at the time of the search, expired and so "no one in the household could have legally owned those firearms."

¶ 11       The trial court denied defendant's motion, stating, "[T]o make it clear, the gun wasn't the linchpin in regards to my prior decision. It may have been a factor, a small factor, but it wasn't a linchpin. *** But there were guns in the house for a convicted felon who was deal[ing] drugs." It repeated its earlier conclusion that defendant was a danger to the community and stated its belief that if he were released, he would continue to sell drugs.

¶ 12       Defendant filed a motion to reconsider the trial court's January 22, 2024, ruling. In the motion, he restated his argument that the court relied heavily on the weapons found in the home and his past weapons-related offenses to prove his dangerousness, but this was error, as defendant was not charged with a gun offense and his live-in girlfriend was eligible at the time the search warrant was executed for a FOID card.

¶ 13       The trial court denied defendant's motion.

¶ 14       This appeal followed.

¶ 15                            II. ANALYSIS

¶ 16       On appeal, defendant argues the State failed to prove by clear and convincing evidence (1) that he posed a real and present threat to the safety of any person or the community and (2) that any threat he posed could not be mitigated by less restrictive conditions of release.

¶ 17       All criminal defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). To deny a defendant pretrial release, the State bears the burden of proving, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant committed a qualifying offense, (2) the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, and (3) no condition or combination of conditions can mitigate the real and present threat the defendant poses. *Id.* When determining whether a defendant poses a real and present threat, a

court may consider the nature and circumstances of the offense charged, including whether the offense is a crime of violence; whether the defendant's prior criminal history is indicative of violent, abusive, or assaultive behavior; and whether the defendant is known to possess or have access to any weapons. *Id.* § 110-6.1(g)(1), (2)(A), (7). When determining possible conditions of release, courts must consider, among other factors, the nature and circumstances of the offense charged; the defendant's history and characteristics, including family ties, employment, community ties, and criminal history; and the nature and seriousness of the real and present threat to the safety of any person or the community. *Id.* § 110-5(a)(1), (3)(A), (4). Where the parties proceed solely by proffer at a detention hearing, we conduct our review *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 51.

¶ 18                                    A. Dangerousness

¶ 19        Defendant first argues that the State failed to prove he posed a real and present threat to the safety of any person or the community. Relying on *People v. Norris*, 2024 IL App (2d) 230338-U, and *People v. Drew*, 2024 IL App (2d) 230606-U, he argues, "[T]he general harms of drug use are not specific present threats to the community, as required by statute" and are "not enough to find [him] dangerous to the community." He further argues that "[t]he only other factor the court relied on to find [he] was a danger to the community was the presence of firearms in the home when it was searched." He argues this was error, as "the State did not prove the guns belonged to [him] or that he even had knowledge of their presence."

¶ 20        We will begin with defendant's first contention. Although defendant relies on *Norris* and *Drew*, we have been hesitant to follow these decisions in the past. See *People v. Woods*, 2024 IL App (4th) 240190, ¶ 19. In *Woods*, we took issue with the conclusions in both *Norris* and *Drew* that the generalized risk of societal harm from drug crimes is not sufficient to demonstrate

a real and present threat to the community. *Id.* ¶¶ 17, 19. We expressed skepticism that "so long as a defendant does not have a violent or abusive history, *** one can sell Class X amounts of cocaine into the community over and over and not be deemed a threat to the community." *Id.* ¶ 19. Ultimately, because the defendant in *Woods* also had a criminal history, we did not reach the question in that case of whether the generalized risk of selling drugs to the community was alone enough to prove a defendant dangerous for purposes of pretrial detention. *Id.* ¶ 21. Similarly, despite defendant's argument, we need not reach it here. In addition to the harmful nature of his charged offenses (see *id.* ¶ 20 (finding that the sale of drugs poses a threat to the community)), defendant also has an extensive criminal history that includes convictions for possession of a controlled substance and for firearm-related felonies. He also clearly has access to weapons, as demonstrated by the firearms recovered from his home. All of these factors—the nature of his offenses, his criminal history, and his access to weapons—are relevant to a determination of dangerousness. See 725 ILCS 5/110-6.1(g)(1), (2)(A), (7) (West 2022). We find the combination of them is sufficient to establish that he poses a real and present threat to the safety of the community.

¶ 21        As a final note, to the extent defendant argues the trial court erred in considering the firearms as evidence of his dangerousness as there was no proof that the guns belonged to him or that he knew about them, we disagree. First, the State did not need to show that defendant owned the guns that were found, only that he had access to them. See *id.* § 110-6.1(g)(7) (A court may take into consideration "whether the defendant is known to possess *or have access* to any weapons" in determining dangerousness. (Emphasis added.)). Second, despite his contentions, the State did offer proof that he was aware of and possessed the guns, namely, the fact that they were found in his residence. We find this sufficient to conclude that he had access to firearms and, considering

that neither he nor his girlfriend were able to legally own the firearms at the time they were found, we also find it reasonable to conclude that, if granted pretrial release, he would again obtain access to firearms, regardless of legality. Moreover, we note that whether defendant has access to firearms is just one factor to consider in determining his dangerous. It is not an essential finding to support the conclusion that he poses a threat to the community. See *Woods*, 2024 IL App (4th) 240190, ¶ 21 (finding a threat to the community existed based only on the nature of the crime and the defendant's criminal history).

¶ 22        Considering the nature of the offenses with which defendant was charged, his criminal history, and his known access to firearms, we find that the State met its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the community's safety.

¶ 23                                    B. Conditions

¶ 24        Defendant argues the trial court also erred in determining that no conditions of release could mitigate the threat he poses. He argues first that the court used the wrong standard in reaching its decision, shown by its statement that less restrictive conditions would not "negate[ ]" the threat posed by defendant, rather than "mitigate" the threat posed. He further argues that his past successful completion of mandatory supervised release shows he is likely to comply with court orders and that he has a strong family support system to help him be successful on pretrial release.

¶ 25        We are unconvinced. To begin, we are unconcerned with the trial court's use of the word "negate[ ]" in place of "mitigate." Even if this were a material substitution, which we do not claim it to be, we are conducting our own *de novo* review of the evidence. The trial court's reasoning is not relevant for our purposes.

¶ 26        Turning to the substance of the issue, we do not find that any conditions of release could mitigate the threat defendant poses. Defendant recommends conditions such as GPS monitoring and home confinement, yet these are only geographical limitations and would not necessarily prevent illegal activity within the designated geographical limit. Further, despite defendant's claims, we are also not convinced that family support would deter his criminal activity. Neither caring for his ill grandfather nor his involvement with his family's church prevented him from selling drugs on multiple occasions in the past. It is unclear why they should now be strong deterrents. Finally, while defendant argues his past successful completion of mandatory supervised release indicates his ability to comply with court orders, we find the fact that he has multiple past convictions for possession of a controlled substance and again stands charged with a new drug-related offense instead demonstrates his willingness to continue engaging in the same criminal activity. For these reasons, we conclude that no conditions of release would be sufficient to prevent him from continuing to sell drugs and endangering the safety of the community.

¶ 27                       III. CONCLUSION

¶ 28        For the reasons stated, we affirm the trial court's judgment.

¶ 29        Affirmed.