NOTICE
Decision filed 08/20/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250452-U

NO. 5-25-0452

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 25-CF-84 |
| | ) | |
| ANTHONY J. SMITH, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Presiding Justice McHaney and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We find it to be harmless error where the trial court conducted an improper hearing on the defendant's motion for relief and further find that the trial court did not err in denying the defendant pretrial release where he posed a real and present threat and no condition or combination of conditions could mitigate the threat to the community.

¶ 2     The defendant, Anthony J. Smith, appeals the trial court's May 23, 2025, order denying pretrial release. The defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024) on May 27, 2025, which the trial court denied on May 29, 2025. The defendant now appeals and argues that the trial court improperly relied on new evidence presented for the first time at the motion for relief hearing. For the following reasons, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4      On April 16, 2025, the defendant was charged by information with one count of unlawful methamphetamine conspiracy (720 ILCS 646/65(a) (West 2024)), a Class X felony, and one count of unlawful criminal drug conspiracy (720 ILCS 570/405.1 (West 2024)), a Class 1 felony. The defendant was later indicted by a grand jury for the same counts on May 22, 2025. On the same day, the State filed a verified petition to deny pretrial release pursuant to section 110-6.1(a)(1) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(a)(1) (West 2024)).

¶ 5      A hearing on the State's petition was held on May 23, 2025. The State proceeded by proffer, stating that the defendant had been indicted by a grand jury on two charges. On August 20, 2024, the State proffered that the defendant participated in a conspiracy to distribute methamphetamine to another in an amount between 15 and 100 grams, and that on two occasions between June 5 and 14, 2024, the defendant conspired to sell cocaine. The case investigation involved a confidential source with the Mount Vernon Police Department Narcotics Division and was part of a broader federal investigation with the Federal Bureau of Investigation.

¶ 6      The State said that the defendant would be eligible for extended term sentencing on both charges. The extended term sentence for the Class X felony charge was 6 to 60 years' incarceration in the Illinois Department of Corrections (IDOC) and the Class 1 charge was 4 to 30 years, the sentences would be permissively consecutive, exposing defendant to 6 to 90 years of imprisonment at IDOC. The State claimed the sentences would be subject to truth and sentencing, requiring them to be served at 75%.

¶ 7      The State provided the defendant's criminal history, including multiple felony convictions for possession of heroin, cocaine, and other controlled substances, establishing a pattern of criminality. The State indicated the most serious charge it was aware of occurred in 2006, when

the defendant was involved in a conspiracy to distribute a controlled substance. The defendant was convicted of a drug conspiracy involving over 40 co-conspirators to distribute in excess of one kilogram of heroin and fentanyl, which resulted in a 125-month federal sentence.

¶ 8    The State argued that no condition or combination of conditions would ensure the safety of the community due to the nature of the offense occurring out of his residence. Defense counsel proffered that the defendant has a degree, a job, and family ties to the community. The defendant would be willing to use electronic monitoring and home confinement and could stay with his mother if released.

¶ 9    The trial court found that the defendant was charged with a detention-eligible offense, the defendant posed a threat to the community, and that no conditions would lessen the risk to the community. The defendant filed a motion for relief on May 27, 2025. The motion argued that the trial court erred in granting the State's petition because the trial court did not fully consider the defendant's family ties, his employment, or willingness to abide by any terms of pretrial release. The matter proceeded to a hearing on the motion on May 29, 2025.

¶ 10    During the hearing, defense counsel argued that the defendant should not be detained because the trial court previously failed to fully consider the factors presented at the initial hearing, and the fact that no weapon was used in the alleged offense. Before the State proceeded by proffer, the trial court asked the State to provide "as much detail as you can" because this motion was before a different judge than the original petition. The State provided a factual proffer, which included additional details about the offenses charged and what the involved detectives would testify to regarding the offenses. The proffer included detailed information about three controlled buys that resulted in the defendant's charges. The State also provided information about the defendant's criminal history and asked the trial court to deny the defendant's motion for relief.

¶ 11    The trial court found that the previous denial of pretrial release was correct. Specifically, the trial court found that no condition or combination of conditions would negate the danger to the community, and the fact that the charges were nonprobationable also "raises a risk of flight." The trial court indicated it had nothing before it that shows the defendant was "likely to run away, but that's just a fact that is considered as a factor in the risk of flight." The trial court then denied the motion for relief. The defendant timely appealed.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, the defendant argues that the trial court improperly relied on new evidence presented for the first time at the motion for relief hearing. He states that it was improper for the State to use the motion for relief hearing to present new evidence or proffers, and that this court should remand for a new Rule 604(h)(2) hearing.

¶ 14    The State argues that the defendant has waived this issue on appeal since the issue was not raised in his motion for relief. Rule 604(h)(2) provides that, "any issue not raised in the motion for relief, *other than errors occurring for the first time at the hearing on the motion for relief*, shall be deemed waived." (Emphasis added.) Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). On appeal, the defendant argues that the trial court considered additional details at the hearing on the motion for relief which were not presented at the initial pretrial detention hearing. Because this alleged error occurred for the first time at the hearing on the motion for relief, we find that the issue is not waived.

¶ 15    The purpose of a Rule 604(h)(2) hearing is to "frame issues on appeal more efficiently, give trial courts the opportunity to correct errors, and streamline the appeals process." *People v. Williams*, 2024 IL App (1st) 241013, ¶ 28. "As such, the scope of a proper Rule 604(h)(2) hearing necessarily follows the relief requested. A second full-scale pretrial detention hearing upon a

4

motion for relief, with new evidence and proffers, would only complicate the appeals process and add confusion regarding the issues before this court on appeal." *Id.*

¶ 16    The court in *People v. Davis*, 2025 IL App (1st) 242306-U, ¶ 43, found as follows:

> "While the trial court may hear new evidence when considering whether continued detention is necessary user section 110-6.1(i-5) of the Code, a proper hearing under Rule 604(h) consists only of an examination of the State's evidence at the initial detention hearing and a determination of whether the State had met is burden of proof."

As such, because the hearing on the defendant's motion for relief involved the State's proffer of additional details, and thus, new evidence, we find that the hearing was improper. We further find, however, that although the hearing for the defendant was an improper full detention hearing, the error was harmless because our determination would be the same even if we exclude the new content from the second hearing.

¶ 17    The motion for relief alleged that the trial court erred in finding that the defendant committed a qualifying offense, that he poses a real and present threat to the safety of the community, and that no condition or combination of conditions can mitigate that threat. Section 110-6.1(e) of the Code provides that "[a]ll defendants shall be presumed eligible for pretrial release." 725 ILCS 5/110-6.1(e) (West 2024). In order to detain a defendant, the State must show, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed a detainable offense, (2) the defendant poses a real and present threat to the safety of any person or the community based on the specific facts of the case, and (3) no conditions or combination of conditions exist that can mitigate this threat or defendant's willful flight. *Id.*

5

¶ 18　In determining whether less restrictive conditions would avoid a real and present threat to the safety of any person or the community, the circuit court may consider the statutory factors under section 110-5(a) of the Code as to (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person;[1] (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the person's release; and, (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *People v. Mikolaitis*, 2024 IL 130693, ¶ 21. Since no live testimony was presented at the initial detention hearing, we review the trial court's factual findings, as well as the court's decision to detain defendant, *de novo*. *People v. Morgan*, 2025 IL 130626, ¶¶ 54-55.

¶ 19　We have thoroughly and independently reviewed the record on appeal in these matters, including the proffers and arguments presented by the State and defense counsel made at the original detention hearing. During the initial detention hearing, the State proffered that the defendant committed a detainable offense, being that he committed a felony for which imprisonment without probation, periodic imprisonment, or conditional discharge is required by law upon conviction. 725 ILCS 5/110-6.1(a)(1) (West 2024). Pursuant to section 110-6.1(b), the trial court did not have to find probable cause that the defendant committed the detainable offense because a grand jury had returned a true bill of indictment against the defendant for unlawful methamphetamine conspiracy and unlawful criminal drug conspiracy. *Id.* § 110-6.1(b) ("If the

---

[1]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2024).

charged offense is a felony, as part of the detention hearing, the court shall determine whether there is probable cause the defendant has committed an offense, unless *** a grand jury has returned a true bill of indictment against the defendant.").

¶ 20    The defendant's criminal history established a pattern of drug offenses and multiple sentences, which shows that the defendant continued to engage in the same criminal behavior even after receiving punishment. The sale of drugs is a threat to the community (*People v. Woods*, 2024 IL App (4th) 240190, ¶ 20), and the defendant thus poses a real and present threat to the community. Further, no condition or combination of conditions could mitigate the threat to the community because much of the activity of the offenses occurred within the defendant's own private residence. While the defendant stated his willingness to remain at this residence or at his mother's home under electronic monitoring, he could still engage in further drug offenses with those conditions. We agree with the trial court's written order, finding that less restrictive conditions would not assure the safety of the community because they "cannot ensure that the defendant will not continue to distribute narcotics in the community after multiple counts of alleging distribution of narcotics."

¶ 21    Accordingly, we find that the trial court did not err by finding that the State had met its burden at the initial detention hearing in showing that the defendant posed a real and present threat to the community, and that no combination of conditions would mitigate that threat.

¶ 22                                    III. CONCLUSION

¶ 23    For the reasons stated, we affirm the judgment of the trial court of Jefferson County.


¶ 24    Affirmed.