2024 IL App (2d) 240355-U
No. 2-24-0355
Order filed September 16, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-760 |
| ARMANDO AYALA-AVALOS, | ) ) ) | Honorable Thomas C. Hull III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice McLaren and Justice Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err when it found that the defendant was dangerous because he continued to commit drug offenses when he was on pretrial release for similar offenses.

¶ 2    The defendant, Armando Ayala-Avalos, appeals from the trial court's order granting the State's petition to deny him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), sometimes informally called the Pretrial Fairness Act (Act).  See Pub. Act 102-1104, §

70 (eff. Jan. 1, 2023) (amending various provisions of P.A. 101-652); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On April 12, 2024, the defendant was charged, in relevant part, with controlled substance trafficking (720 ILCS 570/401.1 (West 2022)) (class X felony), methamphetamine delivery (*id.* § 646/55(a)(1)) (class X felony), and methamphetamine possession (*id.* § 646/60(a)) (class X felony).

¶ 5      Two days later, the State filed a petition to detain the defendant. 725 ILCS 5/110-6.1 (West 2022). The State alleged that there was probable cause to show that the defendant committed the alleged offenses and that his pretrial release posed a real and present threat to the safety of any person or persons or the community. The State noted that the defendant also had a pending May 2023 charge of possession of methamphetamine with intent to deliver in case No. 23-CF-1076. Although not mentioned by the State in its petition, the record also shows that in July 2023, while out on bond in case No. 23-CF-1076, the defendant was charged, in case No. 23-CF-1461, with unlawful possession of methamphetamine.

¶ 6      A hearing on the State's petition was held the same day. The State first tendered the defendant's criminal history. The State noted that the defendant had the following convictions: felony possessing a false identification (2007), aggravated battery to a police officer (2010), and bodily harm battery (2011). In addition, at the time of his arrest in this case, the defendant was out on a personal recognizance bond in case No. 23-CF-1076, and warrants issued on three failures to appear in that case. Further, the public safety assessment report in this case rated the defendant a six on the new criminal activity scale and a six on the failure to appear scale. Such assessments are rated on a scale from one to six, with six being the worst score.

¶ 7     The State also tendered the police synopsis. The synopsis indicated that there was an active investigation of the defendant based on a warrant for violation of pretrial release in case No. 23-CF-1076. A covert tracker was put on the defendant's vehicle. After a three day stay in Wisconsin, the defendant's vehicle returned to Illinois, and he was arrested. A search of the defendant showed that he possessed 4.1 grams of suspected methamphetamine and $440 cash. Further, a K-9 indicated the presence of narcotics in the defendant's vehicle. A search of the vehicle yielded a jar of suspected 116 grams of methamphetamine, a digital scale with methamphetamine residue, and about 100 empty "dime" bags. After the police gave the defendant *Miranda* warnings, the defendant admitted to possessing the methamphetamine, and transporting it from Wisconsin to Illinois with the intent to deliver it to another person.

¶ 8     The State argued that the defendant was a danger to the community because of his criminal history and because he committed the present crime when on pretrial release for a similar offense. The State also noted that selling drugs was a danger to the community, and the dangerousness was exacerbated by the defendant travelling out of state to bring drugs back into Illinois. The State also argued that the defendant's failure to comply with conditions of release in case No. 23-CF-1076 showed that no conditions of release could modify the threat he posed in this case.

¶ 9     The defendant stated that he had the same job for the past two years, earned $800 per week, and supported three children. The reason he failed to appear three times in case No. 23-CF-1076 was because he was in the custody of U.S. Immigration and Customs Enforcement (ICE). The defendant argued that the State had not proved by clear and convincing evidence that he committed the alleged offenses or that he posed a real and present threat to the community. He noted that the alleged offenses were not crimes of violence, and he did not possess any weapons. The defendant

argued that conditions of release, such as GPS monitoring or electronic home monitoring (EHM), could mitigate any risk he posed.

¶ 10    Following argument, the trial court granted the State's petition for pretrial detention. The trial court found that there was clear and convincing evidence that the defendant committed the alleged offenses because the defendant admitted to travelling to Wisconsin for the purpose of transporting drugs back to Illinois with the intent to deliver. As to dangerousness, the trial court stated that drugs are dangerous in and of themselves and noted that the defendant admitted he was planning to sell the drugs in his possession. The trial court acknowledged that there must be specific facts to show how a defendant poses a danger to the community. The trial court thus stated that the following facts supported a finding of dangerousness: 1) the defendant was charged with possession with intent to deliver methamphetamine in case No. 23-CF-1076; 2) the defendant was on pretrial release in case No. 23-CF-1076 when he was arrested in this case; and 3) after being in ICE custody for two months the defendant travelled to Wisconsin to pick up a class X amount of methamphetamine and transported it back to Illinois to sell. The trial court reiterated that the danger posed by the defendant was heightened by the fact that the defendant was on pretrial release for the same offense when he committed the present offense, thus showing that the defendant "will not stop doing it." The trial court also noted that the defendant had a 2010 conviction for aggravated battery to a police officer. The trial court concluded that there were no conditions of release that could mitigate the threat posed by the defendant because he continued to commit drug trafficking while on pretrial release in a previous drug case.

¶ 11    Thereafter, the defendant filed a notice of appeal in this court, case No. 2-24-0288. This court dismissed that case as moot because the defendant failed to first file a motion for relief in the

trial court as required by Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024). On May 29, 2024, the defendant filed a motion for relief in the trial court.

¶ 12    At a May 31, 2024, hearing, the defendant argued that there was not sufficient evidence to establish that he was a danger to the community or that no conditions of release could mitigate any alleged threat he posed. After hearing the parties' arguments, the trial court denied the defendant's motion for relief.[1] The trial court acknowledged that the charge itself cannot be used to establish dangerousness, but found that the defendant was dangerous because he continued to commit drug offenses when he was on pretrial release for similar offenses. The trial court noted that the defendant committed two more offenses, including the present offense, while on pretrial release in case No. 23-CF-1076. The trial court also commented that the defendant "continuing to violate the court orders, continuing to possess drugs, and then possessing drugs in the amount that he is" created a potential for violence. Further, the trial court found that the repeat offenses showed that there were no conditions that could mitigate the threat posed by the defendant. The defendant timely appealed from this order.

¶ 13                                II. ANALYSIS

¶ 14    In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Pretrial release is governed by article 110 of the Code as amended by the Act. *Id.* § 110-1 *et seq*. Under the Code, as amended by the Act, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e).

---

[1]On May 31, 2024, the State filed petitions to revoke the defendant's pretrial release in case Nos. 23-CF-1076 and 23-CF-1461. These petitions were addressed at the same hearing and the trial court granted those petitions.

¶ 15    Upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense (*id.* § 110-6.1(e)(1)), (2) the defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)), and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)).  "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question ***."  *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 16    We review the trial court's decision to deny pretrial release under a bifurcated standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13.  Specifically, we review under the manifest-weight-of-the-evidence standard the trial court's factual findings as to dangerousness, flight risk, and whether conditions of release could mitigate those risks.  *Id.*  A finding is against the manifest weight of the evidence only where it is unreasonable or not based on the evidence presented.  *Id.* We review for an abuse of discretion the trial court's ultimate determination regarding pretrial release.  *Id.*  An abuse of discretion also occurs only when the trial court's determination is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court.  *Id.*

¶ 17    The defendant first argues that the State failed to show, by clear and convincing evidence, that he poses a real and present threat to the safety of any person or persons or the community. When making a dangerousness finding, the Code provides, in relevant part, the following non-exhaustive factors that a court may consider:

"(1) The nature and circumstances of any offense charged, including whether the offense is a crime of violence, involving a weapon, or a sex offense.

(2) The history and characteristics of the defendant including:

> (A) Any evidence of the defendant's prior criminal history indicative of violent, abusive or assaultive behavior, or lack of such behavior. Such evidence may include testimony or documents received in juvenile proceedings, criminal, quasi-criminal, civil commitment, domestic relations, or other proceedings.

* * *

(8) Whether, at the time of the current offense or any other offense or arrest, the defendant was on probation, parole, aftercare release, mandatory supervised release or other release from custody pending trial, sentencing, appeal or completion of sentence for an offense under federal or state law.

(9) Any other factors, including those listed in Section 110-5 of this Article deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." 725 ILCS 5/110-6.1(g) (West 2022).

¶ 18　In the present case, the trial court considered relevant statutory factors, namely, the nature and circumstances of the offense, the defendant's criminal history, and that, at the time of the alleged offense, the defendant was on pretrial release for similar offense. In making its dangerousness finding, the record shows that the trial court primarily relied on the fact that the defendant committed the alleged offense while he was on pretrial release for two other similar alleged offenses. While the trial court noted that drug trafficking necessarily involved a level of generalized harm to the community, it specifically stated that the danger was heightened in this

case by the fact that the defendant continued to commit the same offense—noting that the defendant would "not stop" doing it. The trial court also commented that, after being in ICE custody for two months, the defendant was released and then travelled to Wisconsin to pick up a class X amount of methamphetamine. Finally, the trial court noted that the defendant had a 2010 conviction for aggravated battery to a police officer, which could be considered a crime of violence. Based on the foregoing factors, we cannot say that the trial court's dangerousness finding was against the manifest weight of the evidence.

¶ 19    In arguing to the contrary, the defendant cites *People v. Norris*, 2024 IL App (2d) 230338-U, *People v. Drew*, 2024 IL App (2d) 230606-U, and *People v. Nicholson*, 2024 IL App (2d) 240257-U. In these cases, this court held that the generalized risk of societal harm from drug crimes is insufficient, standing alone, to establish that a defendant charged with a drug offense is a danger to the community. See *Norris*, 2024 IL App (2d) 230338-U, ¶ 37; *Drew*, 2024 IL App (2d) 230606-U, ¶ 18; *Nicholson*, 2024 IL App (2d) 240257-U, ¶ 17. The defendant's reliance on these cases is unpersuasive because the trial court's dangerousness finding was not solely based on a generalized risk of harm. We acknowledge that the trial court made statements regarding the potential for violence and generalized harm to society that results from drug trafficking. However, in finding the defendant dangerous, the trial court mainly relied on the repeated nature of the defendant's drug crimes, noting that the defendant committed the present offense while on pretrial release for two similar offenses, one of which (No. 23-CF-1461) was committed while the defendant was on pretrial release for the original offense (No. 23-CF-1076). Further, the record shows that, on a public safety assessment report, the defendant was rated 6 out of 6 on the new criminal activity scale. The trial court also noted the defendant's prior conviction for aggravated

battery to a police officer. Accordingly, because the trial court's dangerousness finding was not solely based on a generalized risk of harm, *Norris*, *Drew*, and *Nicholson* are easily distinguishable.

¶ 20    Finally, the defendant argues that the State failed to prove by clear and convincing evidence that no condition or combination of conditions could mitigate the threat he posed to the community. Where the trial court finds that the State proved a valid threat to the safety of any person or the community, the court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a)(1)-(6) (West 2022). In reaching its determination, the trial court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the seriousness of the threat the defendant poses to any person or the community. *Id.*

¶ 21    In determining that no conditions of release could mitigate the threat the defendant posed, the trial court considered all these factors. The defendant argues that there is no evidence that he was ever placed on EHM and, thus, no evidence that such a condition of release could not mitigate the threat he posed. However, the trial court noted that the defendant allegedly committed the present offense while he was on pretrial release in two other similar offenses. Conditions of release required the defendant to abstain from committing any other offenses. The trial court concluded that the defendant had an inability to follow court orders and conditions of release. The trial court's determination that EHM would not be sufficient under the circumstances to mitigate the threat posed by the defendant case was thus not against the manifest weight of the evidence. As such, the trial court's order granting the State's petition to detain the defendant was not an abuse of discretion.

¶ 22                         III. CONCLUSION

¶ 23    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 24    Affirmed.